# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN HARVEY, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 07-CV-582-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Alan Harvey, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's August 30, 2004 (August 18, 2004 protective filing date) application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held May 2, 2006. By decision dated May 25, 2007, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on August 16, 2007. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 46 years old at the time of the hearing. [R. 201]. He claims to have been unable to work since July 9, 2003, due to pain in his knees, right shoulder, neck and lower back and headaches. [Plaintiff's Brief, p. 50, 206-208]. The ALJ determined that Plaintiff has severe impairments consisting of "problems with his neck, shoulder, headaches, back, arms, hands and knee." [R. 16]. He found that, despite these impairments, Plaintiff retains the residual functional capacity (RFC) to perform light work activity with additional limitations. [R. 17, 22]. Based upon the testimony of a vocational expert (VE), the ALJ found that Plaintiff could return to his past relevant work as a security guard. [R. 21]. He also found that there are other jobs available in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 23]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 23]. The case was thus decided at step four, with an alternative step five finding, of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ: 1) failed to properly document the file with regard to Plaintiff's condition; 2) erred by failing to recognize all of Plaintiff's diagnosed

2

impairments as severe; 3) erred by formulating an RFC assessment that failed to include all of Plaintiff's limitations; and 4) made an improper credibility assessment. [Dkt. 17, p. 5]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## Administrative Record

Plaintiff claims he was injured while on the job on July 9, 2003. He was treated by Jeff A. Fox, M.D., and Thomas G. Craven, M.D., for right shoulder rotator cuff tendonitis, right shoulder biceps tendonitis, right shoulder trapezial spasm, spondylosis of the cervical spine and protrusion and degenerative changes at C6-7. [R. 106-111, 114-141]. Cervical spine surgery was performed by Dr. Craven in January 2004. [R. 125]. Plaintiff received follow-up treatment from Dr. Fox until April 19, 2004, at which time he was released from care, having attained maximum medical improvement with shoulder pain resolved and full range of motion. [R. 118]. Plaintiff continued treatment with Dr. Craven until July 19, 2004; given permanent restrictions in the medium category, lifting 20 pounds frequently and 45 pounds occasionally. [R. 114-116].

The record contains an RFC by an agency physician on November 24, 2004. [R. 146-153]. Plaintiff was assessed to be able to lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and unlimited ability to push and/or pull. *Id.*

A Functional Capacity Evaluation (FCE) signed by an exercise physiologist and physical therapist for the Orthopedic Hospital of Oklahoma, with a test date of May 10, 2004, appears in the record. [R. 169-184]. Comments offered were: "Mr. Harvey demonstrated a MEDIUM PDL (physical demand level) which matched the PDL for his

previous vocation. However, Mr. Harvey did not demonstrate the ability to lift 50 pounds which is required per job description. Job description provided by employer." "Mr. Harvey's efforts with this FCE suggests a valid test due to demonstrating 7 out of 8 valid on the reliability validity tests." ..." Mr. Harvey's ability to complete or perform FCE testing with pain ratings of 6/10 or greater suggests possible symptom magnification during FCE testing." [R. 169].

Plaintiff was examined and evaluated by Sri. K. Reddy, M.D., on June 29, 2006. [R. 185-193]. Dr. Reddy assessed an RFC for sitting 10-30 minutes for a total of 8 hours; standing 10-30 minutes for a total of 4 hours; walking 10-30 minutes for a total of 4 hours, lifting and carrying up to 20 pounds frequently; unlimited use of feet and hands for repetitive movement; occasional bending and climbing; continuous reaching; but never squatting or crawling. [R. 191-193]. Dr. Reddy's written responses to three questions posed by Plaintiff's counsel are undated. [R. 194].

## **Development of the Record and Step Two Findings**

An ALJ has the responsibility "in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.' " *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. §§ 404.944, 416.1444 (requiring ALJ to look fully into issues). When the existence of an impairment is apparent from the record, the ALJ must obtain pertinent, available medical records that are necessary to the findings that are material to his determination. *See Grogan* 399 F.3d at 1263 (holding ALJ had duty to develop record regarding mental impairment even though not alleged in application because existence of impairment was apparent).

4

Plaintiff complains that the ALJ failed to adequately develop the record with respect to Plaintiff's pain and obesity.

Obesity is a medically determinable impairment that an ALJ must consider in evaluating disability. Soc.Sec.Ruling 02-01p, 2000 WL 628049, at *1, *5, *6, *7.[2] The agency recognizes that "[o]besity can cause limitation of function," and that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." *Id.* at *6. The ALJ recognized Plaintiff's medically determinable condition of obesity but found that his obesity was not severe at step two.

Plaintiff claims the Commissioner failed to ascertain or discuss the effect of Plaintiff's obesity on his impairments after July 9, 2003, the date he was injured while on the job. As support for this argument, he cites answers proffered by the agency's consultative physician, Sri K. Reddy, M.D., to questions posed by Plaintiff's attorney after his examination report and RFC assessment were submitted. [R. 100, 194]. Dr. Reddy responded to counsel's first question regarding the impact that Plaintiff's obesity had upon his RFC as follows: "The patient's obesity decreases his residual functional capacity." [R. 194]. As correctly pointed out by counsel for the Commissioner, however, Dr. Reddy's assessment of Plaintiff's RFC did not change when he answered those questions posed by Plaintiff's counsel. [R. 194]. Rather, the doctor's responses reiterated his previous RFC findings [R. 191-193] and emphasized his clinical impression that Plaintiff had no functional restrictions involving reaching. [R. 194].

---

[2] Social security rulings do not carry the force of law. However, they are generally entitled to deference because they constitute the Social Security Administration's interpretations of its own regulations and the statute that it administers. *Walker v. Sec'y of Health & Human Servs.*, 943 F.2d 1257, 1259-60 (10th Cir. 1991).

The ALJ acknowledged Dr. Reddy's opinion that Plaintiff's obesity decreased his RFC and he noted Dr. Fox's notations regarding Plaintiff's weight. [R. 16]. After reviewing the evidence, the ALJ concluded Plaintiff's weight caused no more than minimal limitations in functioning. [R. 16]. The ALJ's determination is supported by the record. Plaintiff testified at the hearing that his weight had never caused him problems before, that he had been heavy all his life and that he had worked at his current weight. [R. 223-224]. These statements were responses to Plaintiff's own attorney's questions. [R. 221-225]. None of Plaintiff's treating or examining physicians suggested that obesity affected Plaintiff's functional abilities more after the date of his injury than it had before he was injured. Indeed, neither Plaintiff nor his counsel mentioned to the ALJ before, during or after the hearing, that obesity impacted his exertional and/or postural functions. Nor was there any indication that the record needed to be further developed regarding this issue. Because there is no evidence regarding obesity in the record that the ALJ failed to consider or that the ALJ improperly considered, Plaintiff's contention of error on the part of the ALJ for failing to specifically identify obesity as a severe impairment at step two is without merit. *See Bowen v. Yuckert*, 107 S.Ct. at 2293(If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits).

Plaintiff's complaints with regard to the ALJ's treatment of his pain allegations in this section of his brief relate to the ALJ's credibility determination which the Court addresses later in this opinion and order.

**RFC Assessment and Credibility Determination**

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect his ability to perform work related activities. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Plaintiff disagrees with the ALJ's RFC assessment in this case. As the Commissioner noted in his response brief, the ALJ's RFC determination included allowances for limitations imposed by Plaintiff's pain. [R. 17]. Contrary to Plaintiff's argument, the ALJ did consider Plaintiff's testimony regarding the intensity of his pain. [R. 20-21]. He compared Plaintiff's subjective allegations of pain with the medical record and explained his reasons for assigning specific functional limitations in Plaintiff's ability to perform work activities. His findings were sufficiently articulated and grounded in the evidence as required. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) (ALJ must consider all objective and subjective evidence and determine credibility of allegations of disabling pain); *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir.2004) (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (findings as to credibility should be closely and affirmatively linked to substantial evidence). Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ and essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)   After review of the record, the Court concludes that

no evidence overwhelmingly conflicts with the ALJ's findings. Because the ALJ's credibility evaluation is supported by substantial evidence, it is not the Court's prerogative to disturb it. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (internal quotation omitted); *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir.2002) (credibility determinations are peculiarly within the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence).

## **Conclusion**

The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 30th day of October, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE